**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LUCILDA NICOT, | : | Civil Action No. 19-624 (SRC) |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **OPINION** |
| v. | : |  |
|  | : |  |
| COMMISSIONER OF | : |  |
| SOCIAL SECURITY, | : |  |
| Defendant. | : |  |
|  | : |  |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Lucilda Nicot ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning June 30, 2013. A hearing was held before ALJ Sharon Allard (the "ALJ") on July 21, 2017, and the ALJ issued an unfavorable decision on December 21, 2017. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of December 21, 2017, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain limitations. At step four, the ALJ also found that this residual functional capacity was sufficient to allow Plaintiff to perform her past relevant work as a receptionist. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on the ground that the residual functional capacity determination is not supported by substantial evidence. Plaintiff does not dispute that the residual functional capacity determination is supported by the opinions of the two state agency reviewers. Plaintiff argues that, nonetheless: 1) these opinions, issued in 2015, are "stale," and later evidence has not gotten sufficient weight; and 2) the ALJ did not give sufficient weight to Plaintiff's subjective complaints of pain.

Plaintiff's arguments cannot succeed because they ask this Court to reweigh the evidence,[1] which it may not do. The Third Circuit has held:

> A federal court's substantial-evidence review is "quite limited." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). A court may not weigh the evidence or substitute its own findings for the Commissioner's. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986). [Plaintiff's] arguments amount to a request to reweigh the evidence and review the Commissioner's findings and decision *de novo*.

Davern v. Comm'r of Soc. Sec., 660 Fed. Appx. 169, 173-74 (3d Cir. 2016). See also Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992) ("Neither the district court nor this court is

---

[1] The argument that certain evidence of record is "stale," and that the ALJ should have given greater weight to more recent evidence, is a request to reweigh the evidence.

empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.") Similarly, in the instant case, Plaintiff asks this Court to review the residual functional capacity determination *de novo* and to reweigh the evidence, which it may not do. This Court is authorized only to review the decision under the substantial evidence standard. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.") The opinions of the two state agency reviewers constitute substantial evidence.

Furthermore, Plaintiff points generally to the medical evidence from the period of 2015 through 2017, but does not even argue that this evidence from treating physicians contradicts the opinions of the state agency reviewers. The evidence does suggest, generally, that Plaintiff continued to experience pain and obtained further treatment for it. Plaintiff points to no medical opinion that states that she is unable to work, or has any functional impairment that would preclude performing light work. As the Commissioner contends, the record contains no medical opinions that conflict with those of the agency reviewers. As Plaintiff concedes, the ALJ discussed all of this evidence in the decision; nothing was overlooked. Plaintiff has not persuaded the Court that the ALJ erred.

As to Plaintiff's subjective reports of pain, the ALJ stated that she considered them, but did not find them to be entirely consistent with the medical evidence. This is proper under the Regulations. 20 C.F.R. § 404.1529(c)(4).

Plaintiff has failed to persuade this Court that the ALJ erred in her decision, or that she was harmed by any errors. This Court finds that the Commissioner's decision is supported by

3

substantial evidence and is affirmed.

                                                s/ Stanley R. Chesler
                                        STANLEY R. CHESLER, U.S.D.J.

Dated: May 18, 2020